UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THE DOW CHEMICAL COMPANY,

        Plaintiff,

                                      Case Number 07-12012-BC
v.                                        Honorable Thomas L. Ludington

J. PEDRO RHEINHARD, and
ROMEO KREINBERG,

        Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO PERMIT ALTERNATE SERVICE

Presently before the Court is the plaintiff's motion requesting that it be allowed to serve one of the named defendants, J. Pedro Rheinhard, by alternate means because process cannot reasonably be effected as provided for under Michigan Rules. *See* Fed. R. Civ. P. 4(e); Mich. Ct. R. 2.105(I) The plaintiff has attached an affidavit of its process server, which recounts his attempts at serving the defendant. Initially, he attempted personal service at 100 Knollwood Drive in Key Biscayne, Florida. However, upon arrival at the residence, it was apparent that the home was not habitable. He confirmed that the Rheinhards owned the residence and obtained a phone number where they could be reached. Through further investigation using the phone number, the process server identified an alternate address at 1111 Crandon Boulevard in Key Biscayne. In attempting service at that location, the process server was informed that the Rheinhards do live there, but had been traveling and had not been there in some time.

The plaintiff also attaches an affidavit of counsel Craig Horn. Attorney Horn states that when this action was commenced on May 8, 2007, it was the subject of media attention including an article in *The Wall Street Journal*. That article, as well as others, referenced Gary P. Naftalis as

defendant Rheinhard's attorney. Based on that information and the unsuccessful attempts of the process server, Horn requests that the plaintiff be allowed to serve this defendant by delivering the summons and complaint to Naftalis by first class mail at his office in New York City as well as mailing by first class mail the summons and complaint to Rheinhard at 1111 Crandon Boulevard in Key Biscayne Florida.

Michigan Court Rule 2.105(I), made applicable in this district by Federal Rule of Civil Procedure 4(e), confers discretion on the Court to permit alternative service of process under the following circumstances:

> On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

Mich. Ct. R. 2.105(I)(1). Although liberal, the Michigan courts have explained that the party seeking to effect service by alternate means must make a sufficient showing to justify relieving that party from compliance with methods of service specifically prescribed by court rule or statute. *See, e.g., Krueger v. Williams*, 410 Mich. 144, 300 N.W.2d 910 (1981).

The Court believes that the plaintiff's submissions do not suffice to establish a justification for permitting alternate service at this juncture. The affidavit of the process server demonstrates that defendant Rheinberg is traveling. There is no indication or recitation that he is attempting to evade service or that he will not return home in the foreseeable future. Plainly, as a matter of convenience to the plaintiff, service in the manner they request would expedite their obligations to put the defendant on notice of the pending lawsuit. However, Michigan Court Rule 2.105 requires adherence to its provisions until there is a showing that service "cannot" reasonably be made as so provided. The Court is not satisfied a justification for departing from Michigan Court Rule 2.105(A)

exists on the basis of the materials submitted by the plaintiff.

Accordingly, it is **ORDERED** that the plaintiff's motion to allow alternate service [dkt #2] is **DENIED WITHOUT PREJUDICE**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 22, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 22, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS