IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOW CHEMICAL COMPANY,

       Plaintiff,                           Case Number 07-12012-BC
                                                 Honorable Thomas L. Ludington

v.

J. PEDRO REINHARD,
ROMEO KREINBERG,

       Defendants.

-and-

J. PEDRO REINHARD,
ROMEO KREINBERG,

       Counterclaimants,

v.

DOW CHEMICAL COMPANY,
ANDREW N. LIVERIS,

       Counterdefendants.

-and-

J. PEDRO KREINBERG,

       Third-Party Plaintiff,

v.

J.P. MORGAN CHASE AND COMPANY,

       Third-Party Defendant.
_____/

**ORDER SETTING HEARING ON COURT'S OWN MOTION
ON CONSOLIDATION AND ON PUBLIC ACCESS TO COURT FILINGS**

On May 8, 2007, three cases were filed that are now pending before this Court as 07-cv-12012, *Dow Chemical v. Reinhard, Kreinberg* (civil case 07-12012)*;* 07-cv-13851-BC, *Reinhard v. Dow Chemical, Liveris* (civil case 07-13851); and 07-cv-13235, *Kreinberg v. Dow Chemical, Liveris* (civil case 07-13235). These three cases involve the termination of the employment by Dow Chemical Company (Dow Chemical) of J. Pedro Reinhard, who served on the board directors at the time of his termination, and Romeo Kreinberg, who served as an executive vice president at the time of his termination. On August 14, 2007, a protective order entered in civil case 07-12012,[1] and the parties' subsequent filings reflect their efforts to comply with that protective order. On the Court's own motion, the Court will set for hearing the issues of consolidation of those three cases and the Court's obligation to ensure public access to court filings.

Regarding consolidation, in 07-cv-12012, *Dow Chemical v. Reinhard, Kreinberg,* Dow Chemical filed a five-count complaint, Reinhard filed a three-count counterclaim against Dow Chemical and Andrew Liveris, and Kreinberg filed a seven-count counterclaim against Dow Chemical and Liveris.[2] In 07-cv-13851, *Reinhard v. Dow Chemical, Liveris*, Reinhard filed a two-count complaint against Dow Chemical and Liveris, and Dow Chemical filed a five-count counterclaim against Reinhard. In 07-cv-13235, *Kreinberg v. Dow Chemical, Liveris*, Kreinberg filed a six-count complaint against Dow Chemical and Liveris, and Dow Chemical filed a five-count counterclaim against Kreinberg. As will be shown in greater detail below, the causes of action asserted in Dow Chemical's complaint against Reinhard and Kreinberg (in civil case 07-12012) are

---

[1]Despite the parties' stipulated recitation there to seek to file a similar protective order in the other two cases, none has yet been filed.

[2]Kreinberg has also filed a one-count third-party complaint against J.P. Morgan Chase & Co. for indemnity.

inclusive of the causes of action in Dow Chemical's counterclaims against them in the two separate suits filed by Reinhard (in civil case 07-13581) and Kreinberg (in civil case 07-13235).  Similarly, the causes of action asserted in Reinhard's counterclaim against Dow Chemical (in civil case 07-12012) are inclusive of the counts in his complaint (in civil case 07-13581).  So too, the causes of action asserted in Kreinberg's counterclaim against Dow Chemical (in civil case 07-12012) are inclusive of the causes of action asserted in Kreinberg's complaint (in civil case 07-13235).

More specifically, in civil case 07-12012, Dow Chemical alleges claims of breach of fiduciary duty (count I) and breach of contract (count II) and requests declaratory judgment regarding its future obligations under benefits contracts (which appear to be collectively identified as the "1988 Plan") (count IV).  Dow Chemical's requests for declaratory judgment as to its pre-litigation obligations under 1988 Plan (count III) and for declaratory judgment as to its obligation to provide notice of COBRA benefits (count V) have previously been dismissed on September 20, 2007 as to Kreinberg, but not as to Reinhard.

Also in civil case 07-12012, Reinhard filed a counterclaim against Dow Chemical and Liveris.  Reinhard alleges libel against both counterdefendants (count I), breach of contract against Dow Chemical (count II), and failure to pay under a benefits plan and failure to provide notice under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq*., against Dow Chemical (count III).

Also in civil case 07-12012, Kreinberg filed a counterclaim against Dow Chemical and Liveris.  Kreinberg alleges defamation *per se* against Liveris (count I), defamation *per se* against Dow Chemical (count II), compelled self-publication against Liveris (count III), compelled self-publication against Dow Chemical (count IV), tortious interference with contract against both

counterdefendants (count V), tortious interference with prospective business advantage against Liveris (count VI), and breach of contract against Dow Chemical (count VII).

In civil case 07-13851, Reinhard filed a complaint against Dow Chemical and Liveris. Reinhard alleges libel against Dow Chemical and Liveris (count I) and breach of contract against Dow Chemical (count II). Dow Chemical's counterclaim alleges breach of fiduciary duty (count I) and breach of contract (count II) and requests declaratory judgment as to its pre-litigation obligations under the 1988 Plan (count III), as to its future obligations under the 1988 Plan (count IV), and as to its obligation to provide notice of COBRA[3] benefits (count V). In contrast to Kreinberg, Reinhard did not file a motion to dismiss Dow Chemical's counterclaim, and none of these counterclaims have been dismissed.

In civil case 07-13235, Kreinberg filed a complaint alleging defamation *per se* against Liveris (count I), defamation *per se* against Dow Chemical (count II), compelled self-publication against Liveris (count III), compelled self-publication against Dow Chemical (count IV), tortious interference with contract against both defendants (count V), and tortious interference with prospective business advantage against Liveris (count VI). Dow Chemical filed a counterclaim alleging claims of breach of fiduciary duty (count I) and breach of contract (count II) and requesting declaratory judgment as to its future obligations under the 1988 Plan (count IV). Dow Chemical's requests for declaratory judgment in its counterclaim as to its past as to its pre-litigation obligations under the 1988 Plan (count III) and as to its obligation to provide notice of COBRA benefits (count V) have previously been dismissed.

---

[3]Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. § 1161 *et seq*.

Federal Rule of Civil Procedure 42(a) provides:

> Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The rule "affords the district court discretion concerning the purposes and scope of consolidation." *Advey Celotex Corp.*, 962 F.2d 1177, 1181 (6th Cir. 1992).

The court must ensure that the parties are not prejudiced by consolidation, but it is permitted as a matter of convenience and judicial economy. *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 412-413 (6th Cir. 1998) (citations omitted). Factors considered by courts when determining whether to consolidate cases are the interests of justice, expeditious results, conservation of resources, and avoiding inconsistent results. 8 Moore's Federal Practice 3d § 42.10[4] (2006). Factors militating against consolidation include juror confusion, delay, administrative difficulties, or prejudice to a party. *Id.* at § 42.10[5].

Importantly, a court may consolidate cases *sua sponte*. *See In re: Cannonsburg Environmental Assoc. Ltd.*, 72 F.3d 1260, 1269 (6th Cir. 1996) (affirming the discretion of the district court to consolidate two cases that involved essentially the same but not identical issues, even where neither party requested consolidation); *see also Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) ("A court may issue an order of consolidation on its own motion, and despite the protestations of the parties.") (citation omitted).

Absent any objection from the parties and subject to argument at a hearing on the Court's own motion, the Court will consolidate these three cases, in the interest of judicial economy and conservation of resources. A review of the filings reveals the near identity of the claims and

counterclaims and the allegations in support of them. The parties' respective claims and counterclaims all involve allegations about the termination of Reinhard and Kreinberg on April 12, 2007, the events that lead to those terminations, communications by Dow Chemical subsequent to those terminations, and compensation and benefits received by or owed to Reinhard and Kreinberg. Thus, common questions of law and fact are at issue. Indeed, the earliest filed case, civil case 07-12012, includes the third-party complaint and the only two claims that do not overlap in other litigation, such as Reinhard's counterclaim for failure to pay under a benefits plan and failure to provide notice under ERISA against Dow Chemical and Kreinberg's counterclaim for breach of contract against Dow Chemical. These three cases, civil cases 07-12012, 07-13581, and 07-13235, involve like claims, overlapping parties, and overlapping discovery, notwithstanding Reinhard's election to file a motion to compel in civil case 07-13581, where he is the plaintiff.

Consolidating these cases would promote expeditious results and the conservation of resources and would avoid inconsistent results by ensuring that these identical claims among all the same parties receive uniform attention from the Court and avoid irregularities introduced by duplicative issues. That accuracy would further serve the interests of justice, and there is little likelihood of prejudice to any party, where all the parties have their claims retained and progressing forward under the same discovery procedures. To reiterate, the Court anticipates consolidating, through the final pretrial conference, civil cases 07-12012, 07-13581, and 07-13235 on its own motion at the hearing set for November 16, 2007, subject to any objections by the parties.

Also on the Court's own motion, the issue of ensuring public access to docket filings will be set for hearing on that same date. As previously noted, the parties have stipulated to a protective order, under Federal Rule of Civil Procedure 26, that entered on August 14, 2007. Based on their

understanding of that order, some parties have filed documents in a sealed envelope which plainly states the case caption, the title of the document, and a designation that the matter is filed under seal pursuant to protective order and have also filed redacted versions of those documents. Other parties, under a different understanding of that order, have formally filed only redacted versions of their documents and separately submitted to the Court and other parties complete versions. Regardless of whether these foregoing manners of presenting documents to the Court complies with E.D. Mich. LR 5.3,[4] the scope of protective orders always remains subject to the right of public access to the courts.

Protective orders are permitted under the First Amendment. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984). Moreover, certain discovery materials are "not to be filed *until they are used in the proceeding*." Fed. R. Civ. P. 5(d) (emphasis added). However, "[t]hroughout our history, the open courtroom has been a fundamental feature of the American judicial system", and that principle also applies to determining whether information contained in court documents is accessible to the public. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983); *see also Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996); 1

---

[4] E.D. Mich. LR 5.3(a) provides:

> Documents subject to a protective order must be filed pursuant to LR 5.1. In addition, each document subject to a protective order must be placed in a separate 9 ½ x 12 inch envelope and sealed closed. Each envelope must plainly state the full case caption, title of the document enclosed and the text, "FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER" in bold, capital letters not less than one inch high.

Also, it seems unnecessary to observe that documents not contained in the Court docket by way of formal filing are not available for appellate review.

Moore's Federal Practice 3d §§ 5.33, 5.34 (2006). Accordingly, on its own motion, the Court will set for hearing the issue of ensuring that the parties comply with the protective order in a manner that respects the public's right of access to the courts.

Accordingly, it is **ORDERED** that, on its own motion, the Court will set for hearing, on **November 16, 2007** at 10 a.m., the issues of consolidation under Federal Rule of Civil Procedure 42 and of ensuring that the parties comply with the protective order in a manner that respects the public's right of access to the courts.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: November 13, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 13, 2007.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS