IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOW CHEMICAL COMPANY,

       Plaintiff,                                      Case Number 07-12012-BC
                                                       Honorable Thomas L. Ludington
v.

J. PEDRO REINHARD,
ROMEO KREINBERG,

       Defendants.

-and-

J. PEDRO REINHARD,
ROMEO KREINBERG,

       Counterclaimants,

v.

DOW CHEMICAL COMPANY,
ANDREW N. LIVERIS,

       Counterdefendants.

-and-

ROMEO KREINBERG,

       Third-Party Plaintiff,

v.

J.P. MORGAN CHASE AND COMPANY,

       Third-Party Defendant.
_____/

**ORDER DIRECTING PARTIES TO FILE**
**COMPLETE VERSIONS OF THEIR FILINGS**

This case involves the termination by Dow Chemical Company (Dow Chemical) of the

employment of J. Pedro Reinhard, who served on the board directors at the time of his termination, and Romeo Kreinberg, who served as an executive vice president at the time of his termination. Dow Chemical alleges claims of breach of fiduciary duty and breach of contract and requests declaratory judgment regarding its past and future obligations under benefits contracts and its obligation to provide notice of COBRA[1] benefits. Reinhard alleges libel against Dow Chemical and its chief executive officer, Andrew Liveris, and breach of contract and failure to pay under a benefits plan and failure to provide notice under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, against Dow Chemical. Kreinberg alleges defamation *per se,* compelled self-publication, and tortious interference with contract against Dow Chemical and Liveris, as well as with tortious interference prospective business advantage against Liveris and breach of contract against Dow Chemical.

On August 14, 2007, the Court entered a protective order to which Dow Chemical, Reinhard, and Kreinberg stipulated. On November 16, 2007, the Court held a hearing on several issues, including an issue raised on the Court's own motion, i.e., ensuring that the parties comply with the protective order in a manner that respects the public's right of access to the courts. Present at the hearing were counsel for Dow Chemical, Liveris, Reinhard, and Kreinberg, as well as counsel for J.P. Morgan Chase and Company, which Kreinberg has identified as a third-party defendant in his third-party complaint.

Since the entry of the protective order, the parties have filed various pleadings, pursuant to their interpretation of the protective order. Some of those filings contain redactions, a practice which finds little support under E.D. Mich. LR 5.3. Also, some filings are contained within the

---

[1]Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. § 1161 *et seq.*

Court's docket only in their redacted form,[2] which prevents the Court from developing a complete record which could, if necessary, be available for appellate review. At a minimum, the parties must file documents, to the extent properly sealed pursuant to a protective order, in compliance with E.D. Mich. LR 5.3. At the hearing, the parties agreed to review their filings to ensure that the record is complete and that unredacted versions of their filings – filed under seal only to the extent proper under the protective order – are preserved in the Court's docket.

Some attention was also given to the Court's own motion to ensure that the public's right of access to the courts is respected. *See Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983) ("Throughout our history, the open courtroom has been a fundamental feature of the American judicial system . . . ."). Although a court may issue a protective order that permits the sealing of documents for good cause under Federal Rule of Civil Procedure 26(c), that authority is circumscribed by the long-established tradition of public access to the courts and court records. At the hearing, the parties provided some discussion on the propriety of classifying documents as confidential and thereby limiting them from public view, and the parties agreed that this point required further attention. The Court agreed to let the parties put this issue into sharper relief by allowing them to challenge another parties' use of the designations "confidential" or "highly confidential." In determining whether to initiate such a challenge, the parties will have the opportunity to revisit the effect of their interpretation of the original stipulated protective order.

Accordingly, it is **ORDERED** that the parties shall **FILE** complete and unredacted versions

---

[2]Examples of such filings, which exist only in a redacted version on the Court's docket, are Kreinberg's third party complaint [dkt #47], Dow Chemical's motion to compel [dkt #53], Kreinberg's motion to compel [dkt ##55, 59], Dow Chemical's response to Kreinberg's motion to compel [dkt #67], Reinhard's response to Dow Chemical's motion to compel [dkt #68], and Dow Chemical's response to Reinhard's motion to compel [dkt #21 of civil case 07-13581-BC].

of any filing not yet entered on the Court's docket on or before **December 4, 2007**. Any such filing shall be filed under seal only as permitted under the protective order, which is itself circumscribed by the public's right of access to the courts.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 20, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 20, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS