IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOW CHEMICAL COMPANY,

       Plaintiff,

v.

J. PEDRO REINHARD,
ROMEO KREINBERG,

       Defendants.

-and-

J. PEDRO REINHARD,
ROMEO KREINBERG,

       Counterclaimants,

v.

DOW CHEMICAL COMPANY,
ANDREW N. LIVERIS,

       Counterdefendants.

-and-

ROMEO KREINBERG,

       Third-Party Plaintiff,

v.

J.P. MORGAN CHASE AND COMPANY,

       Third-Party Defendant.
_____/

Case Number 07-12012-BC
Honorable Thomas L. Ludington

**ORDER GRANTING IN PART AND DENYING IN PART DOW CHEMICAL'S MOTION TO COMPEL, GRANTING IN PART AND DENYING IN PART REINHARD'S MOTION TO COMPEL, AND DENYING KREINBERG'S MOTION TO COMPEL**

**ORDER GRANTING IN PART AND DENYING IN PART
DOW CHEMICAL'S MOTION TO COMPEL,
GRANTING IN PART AND DENYING IN PART
REINHARD'S MOTION TO COMPEL,
AND DENYING KREINBERG'S MOTION TO COMPEL**

This case arises from Dow Chemical Company's (Dow Chemical) April 12, 2007 termination of the employment of J. Pedro Reinhard, who served on the board directors at the time of his termination, and Romeo Kreinberg, who served as an executive vice president at the time of his termination. The central claims at issue in the parties' instant motions to compel are Dow Chemical's allegations that Reinhard and Kreinberg breached their fiduciary duties and Reinhard and Kreinberg's allegations that Dow Chemical and its chief executive officer, Andrew Liveris, libeled and defamed them.

I.

More specifically, Dow Chemical alleges that Reinhard and Kreinberg "engaged in unauthorized and undisclosed discussions with third parties regarding proposed transactions that were fundamental to the future course" of Dow Chemical "in clear breach of their fiduciary duty." *Dow Chemical's Amended Complaint*, ¶ 1. Central to Dow Chemical's theory, Reinhard and Kreinberg allegedly participated in various meetings and communications that occurred between August 2006 and March 2007. Dow Chemical further maintains that neither its board of directors nor senior management authorized any such alleged discussions and that Reinhard and Kreinberg did not disclose any such discussions.

In his counterclaim, Reinhard alleges that Dow Chemical and Liveris defamed him by "widely disseminating in the financial press and elsewhere" statements that he had "engaged in business activity that was highly inappropriate and a clear violation of Dow [Chemical]'s Code of

Business Conduct." *Reinhard's Counterclaim*, ¶ 4. Kreinberg also advances similar allegations in his counterclaim.

Dow Chemical, Reinhard, and Kreinberg each filed motions to compel various discovery responses. At the request of the parties, the Court allowed them to file the motions and responses on an expedited briefing schedule. The parties filed their motions to compel on November 5, 2007 and their responses on November 13, 2007. In order to resolve the motions in as an expeditious manner as possible, the parties agreed not to file reply briefs. On November 16, 2007, the Court held a hearing on several issues, including the parties' motions to compel. Present at the hearing were counsel for Dow Chemical, Liveris, Reinhard, and Kreinberg, as well as counsel for J.P. Morgan Chase and Company, which Kreinberg has identified as a third-party defendant in his third-party complaint.

II.

Under Federal Rule of Civil Procedure 37, a party may seek a court order compelling production of documents, or interrogatory and request for admission responses. A party may move to compel additional interrogatory responses or responses to requests for admission responses, if the initial responses are insufficient. Fed. R. Civ. P. 33(b)(5); Fed. R. Civ. P. 36(a). Likewise, a party may move for a court order seeking additional production of documents. Fed. R. Civ. P. 34(b).

III.

A.

Dow Chemical's motion to compel seeks to compel Reinhard to produce all non-privileged documents relating to Reinhard's work with Access Industries (Access), a New York holding company. In addition to being a Dow Chemical employee and a member of Dow Chemical's board,

Reinhard began working in January 2006 as an advisor for Access, and he also served as a member of Access' Investment Policy Committee. Next, Dow Chemical seeks supplemental interrogatory responses relating to Reinhard and Kreinberg's travel between June 1, 2006 and April 13, 2007. Finally, Dow Chemical moves for supplemental responses to various interrogatories and requests for admissions.

Dow Chemical objects to Reinhard's limited production of Access documents to what Reinhard deems relevant to the case. Reinhard asserts that he has produced all relevant documents and that any other communications that he has had with Access are irrelevant to this litigation because they are unrelated to Dow Chemical.

The parties have furnished to the Court little written information about Reinhard's consultant responsibilities for Access or even the precise commencement date of his association with Access. Equally important, the Court is aware that Access itself is not before the Court and that Access may likely believe that some of the information sought by Dow Chemical is proprietary. Dow Chemical, however, explains that Access, particularly an affiliate known as Bassell, Inc., is a competitor and that Dow Chemical contemplated Reinhard's position as an advisor to Access could give rise to a potential conflict.

On April 20, 2006, Dow Chemical's general counsel sent a letter to Reinhard warning him that his involvement with Access could potentially compromise his obligation of fidelity to Dow Chemical. *Dow Chemical's Motion to Compel*, Exhibit L. Specifically, the letter provided that as a member of Dow Chemical's board, Reinhard maintained a duty of loyalty that prohibited him from "sharing Dow [Chemical] information that is confidential and/or may be of interest to Access (or Basell), or vice versa." *Id*. Also, "[a]s an advisor to Access, you must not be exposed to any Access

discussion or information that could be of concern to Dow [Chemical]." *Id.*

Dow Chemical acknowledged during the hearing that it did not seek to terminate Reinhard's relationship with Dow Chemical when he began his consulting relationship with Access. That is, based on the evidence presented in the instant motions, Dow Chemical took no further steps to ensure that Reinhard would respect the provisions outlined in the general counsel's letter. Indeed, Dow Chemical further acknowledged that it did not independently seek to advise Access about any ongoing obligations that Reinhard, in Dow Chemical's view, had to Dow Chemical. Nor did Dow Chemical, as represented at the hearing, seek to condition Reinhard's continued association with Access on Access abiding by Dow Chemical's terms. Notwithstanding the apparent lack of attention to the point beyond the general counsel's letter, sophisticated parties such as Dow Chemical and Reinhard must have contemplated the possibility of requiring or providing some future verification that Reinhard was honoring the provisions of that letter.

More specifically, however, Dow Chemical now offers exhibits supporting its contention that Reinhard had contacts with Access about a transaction involving Dow Chemical or its assets. An internal Access document, dated August 7, 2006, indicated that Reinhard and an Access colleague discussed such a transaction. *Id.* at Exhibit C.[1] A September 24, 2006 e-mail from an Access employee to Reinhard notes the occurrence of a multibillion dollar transaction for a value that

---

[1] The Court issued a protective order on August 14, 2007 regarding documents containing sensitive material. Exhibit C in support of Dow Chemical's motion to compel contains documents produced by Reinhard in response to Dow Chemical's request for communications with Access relating to Dow Chemical. Dow Chemical filed this exhibit under seal, and the Court will not elaborate on the contents of this exhibit, beyond what is necessary to provide a basis for its decision, in light of the protective order. Moreover, the Court accepts the parties' designation of these exhibits as confidential or highly confidential, until such time as their confidential status is challenged.

paralleled the value of a possible transaction involving Dow Chemical. *Id.* at Exhibit M.[2] An October 10, 2006 Access e-mail states that executives discussed a plan that would involve Dow Chemical in a transaction and some of its management after that potential transaction. *Id.*[3] Additionally, Terence Ruane, a consultant who purportedly worked on the alleged buyout, affirmed in an affidavit that he met with Access executives and an investment banker to discuss a transaction involving Dow Chemical at the request of Reinhard. *Id.* at Exhibit B, ¶ 9. Ruane further affirmed that Reinhard and Kreinberg personally met with representatives of a foreign government, who allegedly expressed interest in investing in the commodities business of Dow Chemical. *Id.* at Exhibit B, ¶¶ 8-9. Finally, on March 17, 2007, a senior member of Access, in an e-mail, expressed concern about Reinhard's potentially conflicting positions, given his role at Access and as a member of Dow Chemical's board. *Id.* at Exhibit C.[4]

At the hearing, Dow Chemical identified two specific categories of communications that it seeks. First, Dow Chemical seeks to verify that it has received all communications between Reinhard and any member of Access relating to Dow Chemical from June 2006 through the time of Reinhard's termination. Second, Dow Chemical seeks documents that identify any transaction referenced at the meetings that allegedly occurred on or about September 12, 2006, October 31, 2006, January 18 and 19, 2007, and February 27, 2007.

Each of its proffered exhibits support Dow Chemical's contention that Reinhard may have

---

[2] Again, the Court based its conclusion on an exhibit designated as highly confidential pursuant to the protective order. In consideration of that order, the Court will not further address the substance of this exhibit.

[3] Again, the Court based its conclusion on an exhibit designated as confidential pursuant to the protective order. In consideration of that order, the Court will not further address the substance of this exhibit.

[4] Again, the Court based its conclusion on an exhibit designated as confidential pursuant to the protective order. In consideration of that order, the Court will not further address the substance of this exhibit.

engaged in communications with Access about a transaction involving Dow Chemical. This possibility raises the question of the extent to which the letter from Dow Chemical's general counsel informed on Reinhard's conduct.[5] Indeed, at least one individual at Access noted a concern that Reinhard might have conflicting responsibilities, given his different positions at Dow Chemical and Access. Although Reinhard contends that he has produced all documents that he has identified as relevant, the proffered exhibits suggest that a more careful inquiry is warranted to ensure that all relevant communications have been produced. Thus, the Court will grant Dow Chemical's request to compel with respect to communications between Reinhard and Access from June 2006 until April 12, 2007, with particular attention to the dates of the alleged meetings on September 12, 2006, October 31, 2006, January 18 and 19, 2007, and February 27, 2007.

Next, Dow Chemical seeks information related to Reinhard and Kreinberg's travel between the period of June 1, 2006 and April 13, 2007. Dow Chemical contends that such travel is relevant to determining whether either were present at alleged meetings relating to a possible leveraged buyout of Dow Chemical in a variety of locations. The Court finds this request to be clearly focused on obtaining relevant information. At the hearing, counsel for the parties expressed their consensus that they could and would disclose travel and related documentation. The Court encouraged the parties' effort to promptly furnish responses together with supporting documentation. As such, the Court will grant Dow Chemical's motion to compel with respect to this request.

Dow Chemical also moves for supplemental responses to various interrogatories and requests for admissions that it posed to Reinhard (Interrogatory Nos. 1-4, 7, 11, 16 and Requests for Admission Nos. 13-16) and Kreinberg (Interrogatory Nos. 1-4, 7 and Requests for Admission Nos.

---

[5] For purposes of this motion only, the Court will assume that this letter properly provided Reinhard with guidance about how he could fulfill his obligations to Dow Chemical and continue in his association with Access.

50-52, 58-60, 66-68) asserting that the answers provided were non-responsive. The Court finds that each of the answers were responsive. Thus, the Court will deny Dow Chemical's motion with respect to all of its remaining requests to compel.

B.

Next, Reinhard's motion to compel seeks supplemental production from Dow Chemical and Liveris. With respect to Dow Chemical, Reinhard seeks supplemental responses relating to a specific calculation of Dow Chemical's monetary damages and its contractual basis for the denial of Reinhard's benefits under Dow Chemical's Key Employee Insurance Program (KEIP). Dow Chemical asserts that it has yet to fully determine the amount of monetary damages because it will rely on experts to adequately determine damages. The Court finds that reliance on such expert reports is reasonable. Thus, the information that Dow Chemical produced is adequately responsive at this time, and Reinhard's request to compel this information is premature. With respect to Dow Chemical's response relating to Reinhard's KEIP benefits, Dow Chemical asserted at the hearing that its original interrogatory response provided the totality of its contractual and legal basis for the denial of the benefits.[6] After that representation, Reinhard withdrew his motion with respect to the KEIP benefits.

---

[6] Interrogatory No. 7 states, "Identify the specific documents . . . and provisions . . . that Dow [Chemical] believes support the claim in its Complaint that (i) Mr. Reinhard 'has forfeited any and all benefits under the KEIP as a result of Reinhard's disloyal conduct,' and (ii) 'Dow [Chemical] has a right to offset against amounts payable to Reinhard under the KEIP for damages sustained by Dow [Chemical] as a result of Reinhard's disloyal conduct.'" *Reinhard's Motion to Compel*, Exhibit 9. Dow Chemical responded, in relevant part, as follows:

> Subject to [Dow Chemical's specific] objections and the general objections, Dow states that Reinhard's forfeiture is governed by applicable federal and state law, including common law. Moreover, Dow has produced or will produce business records that contain information relevant to this interrogatory, including without limitation the summary of the Key Employee Insurance Program with cover sheet dated May 12, 1999 and the Key Employee Insurance Program Agreement with Reinhard dated June 27, 1997.

*Id.* at 8-9.

Additionally, Reinhard requests that Liveris provide information regarding all statements that he made to members of the financial community after April 8, 2007 regarding Reinhard. Reinhard contends that the scope of alleged defamatory statements is relevant to determining the extent of the dissemination of harmful statements. Indeed, in paragraph 46 of his counterclaim, Reinhard asserts that Dow Chemical and Liveris libeled him through statements in a press release and statements to Dow Chemical's "customers, shareholders, the press, and *others* . . . ." (Emphasis added.) The Court agrees that these communications are relevant, in as much as they are focused on communications with members of the financial community.

Reinhard's final request in his motion to compel seeks further communications between Liveris and J.P. Morgan Chase and Company. At the hearing, Liveris contended that he had provided all relevant communications. Reinhard's counsel accepted this representation and appeared satisfied with Liveris's representation, therefore rendering the request to compel moot. The Court would note, however, that this disposition does not prejudice motions regarding additional inquiry into Dow Chemical's relationship with J.P. Morgan Chase and Company before and after the termination of Reinhard and Kreinberg, if facts develop during discovery that support such a request.

C.

Kreinberg seeks to compel Dow Chemical to provide supplemental responses to various interrogatories and requests for admission. With respect to all but one of these requests, Kreinberg and Dow Chemical reported to the Court at the hearing that they had reached a consensus on these issues. Given the withdrawal of those issues, Kreinberg's remaining request sought to compel Dow Chemical to provide a supplemental response to his request for admission that Dow Chemical lacked

a written or internal policy guiding executive behavior involving third party approaches, offers, or bids. After extensive argument by both parties, Kreinberg represented that he anticipated serving on Dow Chemical additional requests for admissions related to this issue. As such, the motion is moot at this time.

IV.

Accordingly, it is **ORDERED** that Dow Chemical's motion to compel [dkt ##53, 73] is **GRANTED IN PART** as to (1) Dow Chemical's Request for Admission No. 7, regarding Reinhard's communications with Access from June 2006 until April 12, 2007, with particular attention to the dates of the alleged meetings on September 12, 2006, October 31, 2006, January 18 and 19, 2007, and February 27, 2007; and (2) Interrogatory No. 9, regarding Reinhard and Kreinberg's travel from June 1, 2006 through April 13, 2007. Dow Chemical's motion to compel is **DENIED IN PART** as to Dow Chemical's other requests to compel.

It is further **ORDERED** that Reinhard's motion to compel, filed in civil case 07-13581-BC, *Reinhard v. Dow Chemical, Liveris* at [dkt ##14-17] is **GRANTED IN PART**, regarding Interrogatory No. 2 to Liveris, involving his communications about Reinhard with members of the financial community after April 8, 2007. Reinhard's motion to compel is **DENIED IN PART** as to Reinhard's other requests to compel.

It is further **ORDERED** that Kreinberg's motion to compel [dkt #55] is **DENIED WITHOUT PREJUDICE** as moot.

                                            s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

Dated: November 21, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 21, 2007.

                                          s/Tracy A. Jacobs
                                          TRACY A. JACOBS