IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOW CHEMICAL COMPANY,

       Plaintiff,                                   Case Number 07-12012-BC
                                                  Honorable Thomas L. Ludington

v.

J. PEDRO REINHARD,
ROMEO KREINBERG,

       Defendants.

-and-

J. PEDRO REINHARD,
ROMEO KREINBERG,

       Counterclaimants,

v.

DOW CHEMICAL COMPANY,
ANDREW N. LIVERIS,

       Counterdefendants.

-and-

ROMEO KREINBERG,

       Third-Party Plaintiff,

v.

J.P. MORGAN CHASE AND COMPANY,

       Third-Party Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART REINHARD'S MOTION
TO COMPEL THE DEPOSITION OF LIVERIS
AND CANCELLING HEARING**

This litigation arose from the allegedly improper termination of Defendants J. Pedro Reinhard and Romeo Kreinberg, former executives of Plaintiff Dow Chemical Company (Dow Chemical). According to Dow Chemical's amended complaint, its chief executive officer (CEO), Counterdefendant Andrew Liveris, initiated the decisionmaking process that resulted in the end of Reinhard's and Kreinberg's employment by Dow Chemical. Dow Chemical asserts that Liveris met with the CEO and senior banker at a major financial institution, who allegedly alerted Liveris to a possible leveraged buyout of Dow Chemical. Dow Chemical further states that the bank CEO later communicated with Liveris, purportedly identifying Reinhard and Kreinberg as involved in that potential transaction. Dow Chemical maintains that Liveris, along with others, met with Reinhard and Kreinberg the following day and ended their employment.

Reinhard and Kreinberg, according to their counterclaims, allege that Dow Chemical and Liveris made false and defamatory statement about them to the media following their termination. Reinhard alleges that Liveris perceived him as a threat to his influence within Dow Chemical. Kreinberg advances a similar allegation as to his relationship with Liveris. Both Reinhard and Kreinberg maintain that Liveris initiated the inquiry and decisions, over a span of but four days, that resulted in early morning meetings to end their lengthy and accomplished association with Dow Chemical.

Now pending before the Court is Reinhard's motion, filed on December 12, 2007, to compel the deposition of Liveris.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the

papers submitted.  *Compare* E.D. Mich. LR 7.1(e)(2).

On August 17, 2007, the parties participated in a status conference in which they agreed that it was in the individual clients' best interest, as well as that in Dow Chemical's interest, to pursue discovery in a consensual, focused, and expedited manner.  Liveris' deposition, accordingly, was one of ten depositions that the parties sought to accomplish by the end of December 2007.  Consistent with the parties' discussions, Reinhard states that he served a notice of deposition on Liveris for November 8, 2007. Reinhard then continued Liveris' deposition until December 6, 2007, apparently to accommodate Liveris.  Reinhard asserts that, before December 6, 2007, Liveris repeatedly advanced reasons for delaying his deposition.  Liveris allegedly offered such reasons as the purported need to complete the discovery of electronically stored information, the fact of the filing of a third-party complaint by Kreinberg, and an unidentified reason for the extension of one month until December 6, 2007.  Reinhard represents that, on December 1, 2007, Dow Chemical's counsel advised him that Liveris would not be deposed on December 6, 2007.  On December 6, 2007, four attorneys for Reinhard, a videographer, and a court reporter, as well as an attorney for Kreinberg, assembled for Liveris' deposition.  Perhaps not surprisingly, neither Liveris nor his counsel arrived.

Dow Chemical and Liveris do not dispute that they engaged discussions aimed at consensually setting dates for depositions or that they argued for and requested extensions of the date for Liveris' deposition.  They do not challenge that Liveris' deposition was set for November 8, 2007 and then moved to December 6, 2007.  Indeed, they agree that Liveris did not attend his deposition on December 6, 2007.  They acknowledge that they did not inform Reinhard of the alleged reason that Liveris could not attend his deposition, i.e., Liveris' obligation to focus on a

major transaction involving Dow Chemical. Indeed, Dow Chemical and Liveris insist that they could not divulge the existence of the pending transaction, lest they face liability under securities regulations.

On December 12, 2007, Reinhard filed the instant motion to compel Liveris' deposition. There, Reinhard also requested sanctions in the form of expenses for arranging for the presence of a stenographer and videographer, legal fees incurred in the preparation of this motion and for the deposition, and striking Dow Chemical and Liveris' pleadings. On December 20, 2007, Kreinberg joined in this motion.

Dow Chemical and Liveris oppose the motion. They maintain that they offered to reschedule Liveris' deposition for January 30, 2008, and they object that Reinhard did not withdraw the instant motion after learning of Liveris' obligations around the date of his deposition.

Federal Rule of Civil Procedure 30 provides for taking depositions during discovery, including deposing parties. Although a party may seek a protective order under Federal Rule of Civil Procedure 26(c), Liveris has sought no such protective order. Even if the Court considered only Dow Chemical's amended complaint, separate and apart from the allegations advanced in Reinhard's and Kreinberg's counterclaims, Liveris assertedly had a central role in the events that allegedly support the claims at issue. Dow Chemical's own contentions identify key players in the alleged events that give rise to this litigation: Liveris and Dow Chemical's board of directors. Subsequently, Dow Chemical and Liveris have repeatedly sought extensions for Liveris' deposition. After many months, despite proper notice from Reinhard to Liveris of his deposition, Liveris' deposition has yet to occur. The issue is not whether a particular business transaction prevented Liveris' attendance at his deposition on a particular day but that, despite months of attempting to

-4-

negotiate a viable date, Liveris again required further accommodation, and on three business days' notice. On this basis, the Court will direct Liveris to appear for his deposition on January 30, 2008. Liveris has previously offered this date as convenient, but Reinhard, Kreinberg, Dow Chemical, and Liveris may select an alternative date between January 23, 2008 and February 13, 2008, in the event that they can manage to reach a mutual agreement.

Reinhard further requests sanctions, and Dow Chemical and Liveris respond by also requesting attorney fees and costs for their response. Under Federal Rule of Civil Procedure 37(d), a party may be sanctioned for failing to appear at his own deposition. Reinhard's counsel's affidavit that concurrence was sought and denied in the motion suffices for a good faith attempt to confer, as required under Federal Rule of Civil Procedure 37(d)(1)(B). Under Federal Rule of Civil Procedure 37(d)(3), the Court will direct Dow Chemical and Liveris to pay the reasonable expenses caused by Liveris' failure to appear for his deposition, to the extent that Reinhard and/or Kreinberg could not reasonably have avoided those expenses after receiving notice from counsel for Dow Chemical and Liveris.

Accordingly, it is **ORDERED** that Reinhard's motion to compel Liveris' deposition [dkt #88] and Kreinberg's concurrence in that motion [dkt #99] is **GRANTED IN PART** and **DENIED IN PART**. Liveris shall appear for his deposition on **January 30, 2008**, or on such other date between **January 23, 2008** and **February 13, 2008** as may be mutually agreed upon by the parties. Dow Chemical and Liveris **SHALL PAY THE REASONABLE EXPENSES** caused by Liveris' failure to appear for his deposition, to the extent that Reinhard and/or Kreinberg could not

reasonably have avoided those expenses after receiving notice from counsel for Dow Chemical and Liveris. The hearing scheduled for **January 18, 2008** at 10:00 a.m. is **CANCELLED**.

                          s/Thomas L. Ludington
                          THOMAS L. LUDINGTON
                          United States District Judge

Date: January 15, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 15, 2008.

                          s/Tracy A. Jacobs
                          TRACY A. JACOBS