IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOW CHEMICAL COMPANY,

       Plaintiff,

v.

J. PEDRO REINHARD,
ROMEO KREINBERG,

       Defendants.

-and-

J. PEDRO REINHARD,
ROMEO KREINBERG,

       Counterclaimants,

v.

DOW CHEMICAL COMPANY,
ANDREW N. LIVERIS,

       Counterdefendants.
_____/

Case Number 07-12012-BC
Honorable Thomas L. Ludington

## ORDER DENYING DOW CHEMICAL COMPANY'S MOTION TO COMPEL AND GRANTING IN PART AND DENYING IN PART DOW CHEMICAL COMPANY'S MOTION FOR ENTRY OF A CASE MANAGEMENT ORDER

This case involves the termination of the employment of J. Pedro Reinhard and Romeo Kreinberg from their respective positions as director and/or executive by Dow Chemical Company (Dow Chemical), allegedly at the initiation of Dow Chemical's chief executive officer, Andrew Liveris. On February 27, 2008, the Court held a hearing on two motions: (1) Dow Chemical's motion to compel Reinhard to produce additional documents and to supplement his response to interrogatories, under Federal Rule of Civil Procedure 37; and (2) Dow Chemical's motion for entry

of a case management and scheduling order. Counsel for Dow Chemical, Liveris, Reinhard, and Kreinberg were present at the hearing.

I.

Previously, Dow Chemical served a set of interrogatories on Reinhard and on October 8, 2007, he responded to them. Two of those interrogatories asked him to identify and describe his communications with a banker and a consultant between June 1, 2006 and April 13, 2007, due to Dow Chemical's theory that Reinhard engaged in discussions regarding a possible leverage buyout of the company. In his responses, Reinhard acknowledges meeting with those individuals. He maintains that the conversations largely involved personal pleasantries, general comment on the chemical industry, reference to rumors circulating about the possible buyout of Dow Chemical, and/or communications concerned with business opportunities for Access Industries, Inc. (Access) not relevant to the instant litigation.

On November 5, 2007, Dow Chemical filed a motion to compel, *inter alia*, Reinhard to supplement those interrogatory responses. On November 21, 2007, the Court entered an order granting in part and denying in part that earlier motion to compel. In part, the Court directed Reinhard to supplement his request for admission by providing documents containing communications between Reinhard and Access from June 2006 until April 12, 2007, but the Court denied Dow Chemical's request to direct Reinhard to supplement those interrogatories.

On January 16, 2008, Dow Chemical filed a second motion seeking, once again, to compel Reinhard to supplement those interrogatories. Dow Chemical alleges that discovery from third parties reveals Reinhard's purported evasiveness and the contradiction of permitting him to determine the relevance of his discussions of Access business opportunities.

Reinhard responded, asserting that he has produced 6,000 pages of documents in response to the Court's earlier order, which he maintains is the entirety of his communications with Access in his possession from that time period. He also provides an affidavit attesting that he has provided all the documents in his possession pertinent to the relevant meeting dates.

The third party discovery cited by Dow Chemical was largely included in its earlier motion to compel. Indeed, the majority of its allegations (that Reinhard and Kreinberg met in London with an investment banker on October 30, 2006 to discuss the possible transaction, that another meeting occurred in Oman on December 6, 2006 on the same topic, and that similar meetings occurred on January 18 and 19, 2007 in London and again on February 27, 2007) received attention in its prior motion.

Information whose discovery might or does post-date the Court's earlier order includes the following allegations from Dow Chemical: (1) that Reinhard and the head of mergers and acquisitions (M&A) at Access, discussed a "hostile" transaction involving Dow Chemical with possible funding from investors in the Middle East and private equity firms;[1] (2) that the M&A head informed his superior of this possibility, identifying Reinhard and Kreinberg as potential chair and chief executive officer but stating that he had not mentioned this to them;[2] and (3) that persons at an investment bank planned for Reinhard to meet representatives of the investor from the Middle East.[3] Yet these additional details from discovery do not provide a basis for directing Reinhard to supplement his interrogatory responses, particularly where the Court has previously denied this same

---

[1] Dow Chemical Mot. to Compel, Ex. D [dkt # 118].

[2] *Id.*

[3] *Id.* at Ex. H.

request on the basis of substantially similar information from discovery.

Moreover, Reinhard has provided an affidavit attesting to the completeness of his document production of his communications with Access (tabulated at some 6,000 documents), as ordered by this Court. The parties represented to this Court that the United States District Court for the Southern District of New York, from which Dow Chemical had a subpoena issue, has directed Access to produce additional documents. Although Dow Chemical and Reinhard dispute the scope of that order, Dow Chemical agreed that Access was ordered to produce a wide range of documents. Thus, Dow Chemical has already received and will receive a significant amount of additional material pertinent to the communications between Reinhard and Access. Reinhard's counsel represented at the hearing that his client had provided "responsive" responses and acknowledged his client's continuing obligation under Federal Rule of Civil Procedure 26(e) to supplement his interrogatory responses. Accordingly, the Court will not deviate from its previous order denying Dow Chemical's request to direct Reinhard to supplement his interrogatory responses.[4]

II.

The Court also addressed a second motion at the hearing, Dow Chemical's motion for entry of a case management and scheduling order. During the course of the hearing, the parties developed upon their filings and discussed their perspective on the progress of discovery to date.

"It is well established that the scope of discovery is within the sound discretion of the trial court." *Hayes v. Equitable Energy Resource Co.*, 266 F.3d 560, 570 (6th Cir. 2001) (citations and

---

[4]Regarding Reinhard's request to sanction Dow Chemical under Federal Rule of Civil Procedure 37(a)(5)(B), the unanticipated conclusion to the hearing, resulting from the stenographer's inability to record counsel's simultaneously offered remarks, prevented Dow Chemical from having an opportunity to be heard on the point. Absent the hearing required by the rule, the Court is foreclosed from further considering Reinhard's request.

internal quotations omitted); *see also* Fed. R. Civ. P. 26(d).

As is more specifically outlined in the Court's order of February 20, 2008, disposing of Dow Chemical's motion for a protective order, the parties, at an early status conference in August 2007, consensually committed to locate information about the case expeditiously so as to make prompt and reasoned decisions about the matter. The parties expressed, through counsel, their desire to avoid prolonged discovery, because a consuming review of the historical events alleged in Dow Chemical's amended complaint would impede the parties' ability to make decisions regarding their future. Toward that end, the parties agreed informally to organize a discovery schedule that has afforded great success in locating volumes of relevant information. Few who have not been involved the litigation would appreciate the extraordinary effort expended by counsel, or the extent of their accomplishment. The initial ambitious schedule, however, has had its cost; the task has frayed nerves as counsel have sought to consensually organize discovery amidst inherently adversarial relationships. While the parties remain committed to seeking the least costly, most prompt, and just result, short of the expense and time consumed by trial, the initial target of a facilitated discussion in early 2008 has not occurred.

In support of its motion for entry of a case management and scheduling order, Dow Chemical argues that Reinhard and Kreinberg have either taken or scheduled the depositions of all the Dow Chemical witnesses initially identified by the parties for the first phase of discovery. Dow Chemical objects that Reinhard and Kreinberg have prevented some depositions by refusing to agree to particular dates. Dow Chemical further states that it requires extensive overseas discovery and that the initial phase of discovery became imbalanced because no non-Dow Chemical witnesses have yet been deposed.

Reinhard responds that, despite the passage of several months, Dow Chemical has yet to schedule the deposition of a single non-party witness. Indeed, Reinhard maintains that Dow Chemical has refused his and Kreinberg's many offers to appear for a deposition. He adds his allegation that Dow Chemical has refused to comply with its obligations regarding payment for his legal representation.[5]

Kreinberg similarly responds with his assertion that Dow Chemical has not attended to discovery, alleging that its document production is incomplete, that it only recently provided its privilege log, and that it has noticed almost no witnesses for deposition. He reiterates the objection about Dow Chemical's purported failure to reimburse his legal expenses. He insists that, if discovery is one-sided, Dow Chemical's approach to discovery ensured that outcome.

During the course of the hearing, the discovery that has already been accomplished and that remains to be completed was addressed. Some consideration was given to the three central factual contentions of the parties: (1) Dow Chemical's claim that Reinhard and Kreinberg breached various compensation agreements and, thus, forfeited entitlement to compensation earned over prior decades (count II of Dow Chemical's amended complaint and supporting allegations at ¶¶ 46-58); (2) Dow Chemical's claim that Reinhard and Kreinberg participated in or failed to disclose knowledge of an allegedly unsolicited attempt to acquire the company (count I of Dow Chemical's amended complaint); and (3) Reinhard's and Kreinberg's respective claims that Dow Chemical's press releases and Liveris' public comments libeled and defamed their reputations (Reinhard's and

---

[5] Based on the parties' filings, it appears that litigation is proceeding in the Delaware state courts regarding Dow Chemical's obligations, if any, to indemnify Reinhard and Kreinberg.

Kreinberg's respective counterclaims).[6]

As to the claim of Reinhard's and Kreinberg's purported breaches of contract, Dow Chemical's counsel informed the Court during the hearing of his belief that those issues could be addressed through a motion for summary judgment under Federal Rule of Civil Procedure 56. According to Dow Chemical's amended complaint, Reinhard and Kreinberg both participated in Dow Chemical's 1988 Award and Option Plan. This entitled them to awards of stock options, performance shares, deferred stock awards, and dividend unit awards, collectively generally referred to as "equity awards." Dow Chemical claims that, pursuant to the terms of the plan, a compensation committee may forfeit a participant's benefits for numerous reasons.

Dow Chemical maintains that, the day following their terminations, the compensation committee concluded that Reinhard's and Kreinberg's benefits should not merely be frozen or terminated. The committee further determined that the plan could and should "claw back" remuneration that would otherwise have previously been earned. According to the amended complaint, immediately prior to his termination, Reinhard had outstanding equity awards of approximately $16.2 million. Similarly, Kreinberg had outstanding equity awards estimated at $15 million. Reinhard and Kreinberg both dispute the compensation committee's ability to forfeit these benefits without notice or an opportunity to address the compensation committee or the reasons for its decision. They also contend that the compensation committee may not lawfully "claw back" benefits they earned before the events of early 2007. Dow Chemical's amended complaint does not explain who would succeed to Reinhard's or Kreinberg's benefits, if forfeited, nor does it address

---

[6]Parallel assertions appear in the complaints and counterclaims filed in the consolidated civil cases, 07-13581, *Reinhard v. Dow Chemical, Liveris*, and 07-13235, *Kreinberg v. Dow Chemical, Liveris*.

whether any such forfeiture would serve as a setoff to any of Dow Chemical's other claims. The parties did not anticipate much additional discovery as to this claim, at least as to events that predate the commencement of this litigation.

As to Dow Chemical's claim of breach of fiduciary duty, Dow Chemical's discovery efforts center on its theory that Reinhard and Kreinberg allegedly participated in or failed to disclose information about an attempted buyout of the company, notwithstanding the difficulty of assigning responsibility particularly to Reinhard and Kreinberg alone. The parties' filings suggest that the source of the rumors of a potential buyout, which Dow Chemical seeks to pinpoint, may have originated from any number of people, from any number of organizations, and from any number of continents. Indeed, Dow Chemical seeks additional discovery from a private equity firm and an investment arm of a foreign government. Dow Chemical has, however, acknowledged that it will tightly circumscribe its discovery to Reinhard's and Kreinberg's conduct and will not otherwise seek to explore the conduct of third parties.

As to Reinhard's and Kreinberg's claims of defamation and libel, their counsel indicated that the focal point of their discovery would be the public remarks authored or offered by Liveris and a public relations spokesperson at Dow Chemical, Christopher Huntley. They also noted that Liveris' deposition had commenced but had been continued, with varying opinions as to the efficacy and efficiency of that effort. Nevertheless, completing or securing those depositions remained a primary objective.

Regarding expert witnesses, Dow Chemical represented that it anticipated using expert witnesses on the topic of executive compensation, in the event that any dispositive motion regarding its claim of breach of contract was not granted. Dow Chemical might also employ an expert witness

regarding corporate governance and a lay or expert witness to summarize any damages causally connected to Reinhard's and Kreinberg's purported involvement in the alleged buyout effort. Reinhard and Kreinberg stated that they anticipated expert witness testimony regarding the economic impact of Dow Chemical and Liveris' alleged libel and defamation.

In light of the foregoing areas for proposed discovery, the parties offered various discovery cutoff dates. Kreinberg proposed April 1, 2008; Reinhard proposed April 30, 2008; and Dow Chemical and Liveris proposed August 29, 2008. Based on a review of the discovery conducted to date and still to be completed, the Court will establish July 1, 2008 as the discovery cutoff date. A case management and scheduling order consistent with that parameter will issue separately.

Additionally, the parties represented their continued interest in facilitation discussions. After much conferring, they selected May 29, 2008 as a date for that purpose. Because that date was problematic for the facilitator, he agreed to assume responsibility to identify an alternate date. The only other communication between the facilitator and the Court was the facilitator's statement that he would strive to meet individually with Liveris, Reinhard, and Kreinberg, or their counsel, as well as a representative of the board of directors of Dow Chemical.

III.

Accordingly, it is **ORDERED** that Dow Chemical's motion to compel Reinhard to produce additional documents and to supplement his responses to interrogatories [dkt #118] is **DENIED**.

It is further **ORDERED** that Dow Chemical's motion for entry of a case management and scheduling order [dkt #116] is **GRANTED IN PART** and **DENIED IN PART**. A case management and scheduling order consistent with the above discussion will enter separately.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 4, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 4, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS