IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOW CHEMICAL COMPANY,

        Plaintiff,                           Case Number 07-12012-BC
                                                 Honorable Thomas L. Ludington

v.

J. PEDRO REINHARD,
ROMEO KREINBERG,

        Defendants.

-and-

J. PEDRO REINHARD,
ROMEO KREINBERG,

        Counterclaimants,

v.

DOW CHEMICAL COMPANY,
ANDREW N. LIVERIS,

        Counterdefendants.
_____/

## ORDER DENYING DOW CHEMICAL AND LIVERIS' MOTION
## FOR A PROTECTIVE ORDER FOR HIS DEPOSITION

       This case arises from the termination of the employment of J. Pedro Reinhard and Romeo Kreinberg from their respective positions as director and/or executive by Dow Chemical Company (Dow Chemical), allegedly at the initiation of Dow Chemical's chief executive officer, Andrew Liveris. On March 5, 2008, Dow Chemical and Liveris filed a motion requesting a protective order as to Liveris' deposition. On March 27, 2008, Reinhard untimely filed a response. On April 1, 2008, Kreinberg untimely filed a response. *See* E.D. Mich. LR 7.1(d)(2)(B) (requiring responses to be filed within 14 days after service of a motion). On April 10, 2008, Dow Chemical and Liveris

filed a reply.

In its amended complaint, Dow Chemical recites that the chief executive officer of a major investment bank informed Liveris that Reinhard and Kreinberg were involved in discussions about a potential buyout of Dow Chemical. Dow Chemical states that, the following day, Liveris then communicated this information to its board of directors. The next day, according to Dow Chemical, Liveris met first with Reinhard and then with Kreinberg, both of whom purportedly denied the allegation. As asserted by Dow Chemical, Liveris then sought to confirm the information provided to him. At a meeting later that day and after earlier communications with the board to address the matter, Dow Chemical maintains that Liveris related to the board the fact of the termination of the employment of Reinhard and Kreinberg.

In their respective counterclaims, Reinhard and Kreinberg also allege that Liveris had significant involvement in the termination of their employment, which forms the basis of some of their claims. Reinhard and Kreinberg also assert that Liveris made defamatory statements about them.

The subject of motion practice and a previous order of the Court, Liveris' deposition eventually commenced on February 19, 2008. Dow Chemical and Liveris now alert the Court to several concerns regarding the circumstances of his deposition. First, they note that opposing counsel refused to start the deposition at 8 a.m., rather than 9 a.m. as previously noticed. Second, they object that only Reinhard's counsel questioned Liveris, and they infer that Kreinberg's counsel had no intent to examine Liveris at that time. Third, Dow Chemical and Liveris assert that Reinhard's counsel spent time addressing purportedly irrelevant lines of inquiry, such as the bylaws governing the advancement of litigation expenses to directors and officers, a matter subject to

litigation before another court, which is apparently proceeding in Delaware. Fourth, they claim that Reinhard and Kreinberg terminated the deposition early.[1] Fifth, they assert that the questioning, in which counsel for Kreinberg did not participate, treated Liveris "unfairly." In their reply, they add that the same information can be or has been secured through other witnesses, thus implying that testimony from Dow Chemical's CEO would be redundant and an unnecessary use of his time. For these reasons, Dow Chemical and Liveris request that Reinhard and Kreinberg be afforded no further time to depose Liveris, beyond the seven hours already permitted under Federal Rule of Civil Procedure 30(d)(1). Alternatively, Dow Chemical and Liveris request that, if any additional time to depose Liveris is granted, that it be limited to an hour of questions specific to Kreinberg.

Reinhard responds that he sought to accommodate the request to advance the time for starting the deposition but could not, given the limited time between the request and the scheduled deposition. He also claims that Liveris' counsel filled the deposition with repeated and lengthy speaking objections. According to Reinhard, the parties continued to discuss the continuation of Liveris' deposition, where Reinhard's counsel allegedly had not concluded his examination, both at the deposition and at subsequent times, such as during a hearing on a separate matter. Reinhard concludes that the centrality of Liveris to the claims at issue warrants extending his deposition beyond seven hours, as does the delay during the deposition, purportedly caused by Liveris' counsel.

Kreinberg responds that he advised Liveris' counsel, weeks ahead of the deposition date, of

---

[1]In support of this assertion, Dow Chemical and Liveris refer to an exhibit identified as a "transcription of a tape recording," which is separate from the transcript of the deposition of Liveris and transcribed by a different person than the reporter at the deposition. In this transcription, Dow Chemical and Liveris' lead counsel disputes with junior counsel for Reinhard whether their discussion is on the record. *See* Dow Chemical and Liveris Mot., Ex. 15 [dkt #157].

the need for an additional separate day to depose Liveris, given the expectation that Reinhard's counsel would require a day for his examination. According to Kreinberg, around the mid-point of the deposition, Liveris' counsel began asserting an intention to end the deposition at precisely seven hours. The deposition concluded at 5 p.m., after the court reporter departed. Kreinberg contends that Dow Chemical and Liveris have not shown good cause for entry of a protective order under Federal Rule of Civil Procedure 26(c) and that Federal Rule of Civil Procedure 30(d)(1) requires that additional time be permitted to depose Liveris further. Kreinberg requests that Liveris, whose conduct is at the center of the parties' claims, be compelled to be available for deposition for at least another full day. Additionally, Kreinberg seeks sanctions for the necessity of responding to a motion brought without factual basis and without meaningful effort at concurrence.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

Federal Rule of Civil Procedure 30(d), in relevant part, provides:

> (1) *Duration.* Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.
> (2) *Sanction.* The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent.

The Advisory Committee Note to the 2000 Amendments further develops the circumstances that inform on the application of the rule:

> [The above rule] imposes a presumptive durational limitation of one day of

seven hours for any deposition. . . . This limitation contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that the only time to be counted is the time occupied by the actual deposition. . . . The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.

. . . [C]ourts asked to order an extension [of time for a deposition] might consider a variety of factors. . . . In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest. Similarly, should the lawyer for the witness want to examine the witness, that may require additional time. . . .

It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court. . . . It is also assumed that there will be reasonable breaks during the day. Preoccupation with timing is to be avoided.

The rule directs the court to allow additional time where consistent with Rule 26(b)(2) if needed for a fair examination of the deponent. In addition, if the deponent or another person impedes or delays the examination, the court must authorize extra time. . . .

Federal Rule of Civil Procedure 26(c)(1), in relevant part, provides:

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

"The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001) (citation omitted); *see also* 6 Moore's Federal Practice 3d § 26.104[1] (2006). The movant must state specific facts and identify a clearly defined and serious injury that follows from the discovery sought, rather than relying on conclusory statements. *Nix*, 11 Fed. Appx. at 500 (citation omitted). District courts have "broad discretion" in determining whether to grant or deny motions for protective orders, albeit always limited by the dictates of the rule. *Lewis v. St. Luke's Hosp. Ass'n*, 1997 U.S. App. LEXIS 34854, *8 (6th Cir. 1991) (citation

omitted).

Notwithstanding the unusual procedural posture of a party seeking a protective order in anticipation of a deposition running in excess of seven hours, rather than a party seeking a stipulation or a court order to extend a deposition beyond seven hours, the governing rule here is Federal Rule of Civil Procedure 30(d)(1). Although the rule generally limits a deposition to a single day of seven hours, on its face, the rule provides for extensions beyond that presumptive limitation. Indeed, "[t]he court *must allow additional time* . . . if needed to fairly examine the deponent . . . ." Thus, the Court has an obligation to permit additional time, if the circumstances require that a fair examination of the deponent run longer. When making this assessment, the Advisory Committee to the 2000 Amendments noted that a court should consider such factors as whether each party has had an opportunity to examine a deponent in a multi-party case and whether the deponent's lawyer also wishes to examine the deponent.

The Court will confine its analysis to the time needed to fairly examine Liveris. The Court will not, at this juncture, delve into the question of whether all counsel present, or even the deponent himself, impeded or delayed the examination in a manner that might warrant sanction under Federal Rule of Civil Procedure 30(d)(2). The parties' competing descriptions of Liveris' deposition and the events surrounding it make necessary this focus on the need for a fair examination of the deponent, rather than on delay to the examination, because the characterization and occurrence of relevant events seem to be disputed. Even the most mundane matters (such as the logistical viability of rescheduling a deposition from 9 a.m. to 8:30 a.m. or 8:00 a.m. or the proximity of the number 769 to the number 800) appear to generate competing accusations which the parties now address to the Court.

Based on Dow Chemical's own amended complaint, Liveris had a central role in the events giving rise to its claims. For instance, according to Dow Chemical's pleadings, he communicated with the investment bank's CEO about Reinhard's and Kreinberg's purported involvement in the potential sale of the company. Moreover, he allegedly communicated that information to his board of directors, and he purportedly addressed these concerns with Reinhard and Kreinberg at morning meetings, and he participated in the decision to end their employment. Additionally, Reinhard and Kreinberg each advance their own claims that Liveris made defamatory statements about them. Beyond the centrality of Liveris as a witness to the matters at issue, a review of his deposition on February 19, 2008 reveals that counsel for Reinhard had not completed his deposition, that counsel for Kreinberg had not examined Liveris, and that his own counsel (and counsel for Dow Chemical) had not had an opportunity to examine him. In light of the allegedly significant participation of Liveris in the events at issue, the Court concludes that a fair examination of him requires additional time. This case involves multiple parties, and Liveris' own counsel apparently would like to depose him as well, given his counsel's efforts to ensure that some portion of the seven hours available on February 19, 2008 would be available for that purpose.

In their motion, as well as through counsel during the deposition, Dow Chemical and Liveris suggest that any motion for an extension of time on a deposition must precede the commencement of the deposition. Dow Chemical and Liveris, however, offer no authority for the proposition that a party cannot, having failed to secure a stipulation from the opposing party to extend the time for deposition, seek a court order after a deposition commences. Indeed, Federal Rule of Civil Procedure 30(d)(3) contemplates a circumstance under which a party may seek relief through a court order based on conduct that occurs during a deposition. That is, the rule itself includes a provision

that contradicts the presumption that a request for additional time for a deposition must necessarily precede the commencement of the deposition. *See also Malec v. Trustees of Boston College*, 208 F.R.D. 23 (D. Mass. 2002) (describing as "the better practice" for a deposition to go forward and then determine through good faith effort to stipulate, if needed, what additional time is required).

Consequently, the Court is not persuaded that additional time to depose a central witness will result in "annoyance, embarrassment, oppression, or undue burden or expense," sufficient to establish good cause to issue a protective order as to Liveris' continued deposition. In light of the relief requested in Reinhard's and Kreinberg's responses, the Court will direct that Liveris' deposition may continue for an additional single day of seven hours.

Accordingly, it is **ORDERED** that Dow Chemical and Liveris' motion for a protective order as to Liveris' deposition [dkt #157] is **DENIED**. Liveris' deposition may continue for an additional single day of seven hours.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 14, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 14, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS