IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOW CHEMICAL COMPANY,

      Plaintiff,                              Case Number 07-12012-BC
                                                Honorable Thomas L. Ludington

v.

J. PEDRO REINHARD,
ROMEO KREINBERG,

      Defendants.

-and-

J. PEDRO REINHARD,
ROMEO KREINBERG,

      Counterclaimants,

v.

DOW CHEMICAL COMPANY,
ANDREW N. LIVERIS,

      Counterdefendants.
_____/

**OPINION AND ORDER DENYING DOW CHEMICAL'S MOTIONS
CHALLENGING CERTAIN OF REINHARD'S AND KREINBERG'S
CONFIDENTIALITY DESIGNATIONS,
DENYING KREINBERG'S MOTION TO UNSEAL AND CHALLENGING
CERTAIN OF DOW CHEMICAL'S CONFIDENTIALITY DESIGNATIONS,
DIRECTING PARTIES TO SUBMIT PROPOSED AMENDED PROTECTIVE ORDER,
DIRECTING PARTIES REGARDING FILING DISCOVERY MATERIAL
EXCHANGED PURSUANT TO EXISTING PROTECTIVE ORDER,
DIRECTING NON-PARTIES JPMC AND ACCESS
TO FILE MOTIONS TO INTERVENE,
AND SCHEDULING STATUS CONFERENCE**

On April 30, 2008, the Court held a hearing on four motions: (1) Dow Chemical Company's

(Dow Chemical) motion challenging certain of Romeo Kreinberg's confidentiality designations [dkt

#119]; (2) Dow Chemical Company's motion challenging certain of J. Pedro Reinhard's confidentiality designations [dkt #162]; (3) Kreinberg's motion to unseal several items, including his third-party complaint, J.P. Morgan Chase & Company's (JPMC) motion to dismiss that third-party complaint, and related filings, and challenging certain of Dow Chemical's confidentiality designations [dkt #123]; and (4) Kreinberg's motion to compel production of documents from Non-party Wachtell, Lipton, Rosen & Katz (law firm) [dkt #141]. (The Court will address Kreinberg's motion to compel production from non-party law firm in a separate order.) Counsel for the parties, Dow Chemical, Andrew Liveris, Reinhard, and Kreinberg, attended the hearing.

Additionally, counsel for Non-party JPMC attended the hearing, and JPMC filed a response to Kreinberg's motion to unseal and challenging certain of Dow Chemical's confidentiality designations. No representative appeared on behalf of Non-party, Access Industries, Inc. (Access), which filed a response to Dow Chemical's motion challenging certain of Reinhard's confidentiality designations. Neither JPMC nor Access has established any basis for their appearance before the Court, such as by requesting to appear as an intervenor for the limited purpose of asserting an interest in discovery materials that each has provided. *See* 6 Moore's Federal Practice 3d § 24.23[1] (2006). Although neither JPMC nor Access are parties, both have provided discovery in this litigation – JPMC due to its alleged involvement in a possible buyout of Dow Chemical and Access due to its employment or consultative relationship with Reinhard. Because its counsel attended the hearing, JPMC had the opportunity to represent to the Court that it intended to file such a motion.

Less than one hour before the hearing, Dow Chemical, Reinhard, and Kreinberg filed a notice to alert the Court to the resolution of a substantial number of issues raised in the motions set for hearing that day. Based on the parties' representations in that notice, as well as at the hearing

and in their moving papers and responsive filings (including the filing by Access), they agreed that the documents at issue in Dow Chemical's motions challenging certain of Reinhard's and Kreinberg's confidentiality designations were no longer disputed. Consequently, those two motions are moot.

I.

The Court refers the interested reader to the parties' pleadings and other opinions and orders for a lengthier recitation of the parties' competing claims and counterclaims. In brief, on April 12, 2007, Dow Chemical terminated the employment of Reinhard, formerly its chief financial officer and most recently a director on its board, and of Kreinberg, most recently an executive vice president at Dow Chemical. Dow Chemical maintains that, *inter alia*, Reinhard and Kreinberg improperly participated in efforts toward a potential buyout of the company, which they dispute. Reinhard and Kreinberg maintain that, *inter alia*, Dow Chemical and Liveris wrongfully terminated their employment and defamed them, which Dow Chemical and Liveris dispute.

Following some initial status conferences with counsel, during which they agreed to an informal approach for the exchange of information, discovery, and parallel efforts at facilitation, the parties stipulated to a protective order on August 14, 2007. The protective order provided that it "govern[s] the production and disclosure of any documents, electronically stored information, materials, things, discovery material (including responses to interrogatories and requests to admit), materials filed with the Court, or testimony in this action . . . ." *Stipulated Protective Order*, p. 1 [dkt #30]. The order defined "confidential information" as "any material or information that such party reasonably believes in good faith is subject to confidential protection under the law, including but not limited to [Federal Rule of Civil Procedure] 26(c) or other applicable statutory or common

law, including trade secrets; confidential research, development, or other commercial information; other proprietary or sensitive business information; or personal identifying information (e.g., social security numbers)." *Id*. at ¶ 1. The order next defined "highly sensitive commercial" information as "material or information which is proprietary or competitively sensitive, such that its disclosure to a competitor could cause competitive injury, or material or information which a party has an obligation to a third party not to disclose." *Id*. at ¶ 12. The order also defined "trade secret" as "information, including information relating to a formula, pattern, compilation, program, device, method, technique, composition, technical data, research and development efforts, or process that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure and use." *Id*. at ¶ 13. The order further provides for information identified as either "highly sensitive commercial information" or a "trade secret" to be designated as "highly confidential." *Id*. at ¶ 15.

As to confidential information, "[i]f material that has been stamped as 'Confidential,' . . . is included in any papers to be filed in the Court or used in any hearing or legal proceeding in this action, such papers must be filed under seal." *Id*. at ¶ 8. The order expressly provides that an answer to a request for admission or to an interrogatory may be designated confidential. *Id*. at ¶ 10. Also important to the immediate motions before the Court, the order further provided regarding highly sensitive commercial information or trade secrets, "[i]f material that has been stamped as 'Highly Confidential,' . . . is included in any papers to be filed in the Court or used in any hearing or legal proceeding in this action, such papers must be filed under seal." *Id*. at ¶ 21.

On April 1, 2008, three amended local rules went into effect in the United States District Court for the Eastern District of Michigan. In particular, the Court amended E.D. Mich. LR 5.3 and

26.2 and adopted new E.D. Mich. LR 26.4.  As will be discussed in greater detail below, these local rules govern the prospective procedures for filing documents under seal.

Pertinent to the remaining motion, that is, Kreinberg's motion to unseal and challenging certain of Dow Chemical's confidentiality designations, several documents have been filed under seal and/or designated confidential.  More specifically, Kreinberg's third-party complaint, filed on October 12, 2007 [dkt #47]; JPMC's motion to dismiss that third-party complaint, filed on November 5, 2007 [dkt #54]; Kreinberg's response, filed on December 3, 2007 [dkt #79]; and JPMC's reply, filed on January 4, 2008 [dkt #107] were filed under seal.  In particular, Exhibits 16, 18 through 22, and 31 to the Welch affidavit in support of Kreinberg's response to JPMC's motion were filed under seal.  Kreinberg now requests that the Court lift the seal as to these documents, while JPMC requests that the seal remain intact.  Also at issue are several documents attached as exhibits to Dow Chemical's response to Kreinberg's instant (and still pending) motion, that is, Exhibits 1-17 through 1-31.  Kreinberg requests that the Court direct Dow Chemical to remove the confidentiality designation as to all of those exhibits.

## II.

"It is well established that the scope of discovery is within the sound discretion of the trial court."  *Hayes v. Equitable Energy Resource Co.*, 266 F.3d 560, 570 (6th Cir. 2001) (citations and internal quotations omitted).  The entry, modification, and application of a protective order is within the discretion of the trial court.  *See In re Courier-Journal*, 828 F.2d at 364; *In re: Upjohn Co. Antibiotics Cleocin Products Liability Litigation*, 664 F.2d 114 (6th Cir. 1981).

III.

A.

In *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980), the Supreme Court described the importance of the general right of public access to criminal proceedings. There, in the context of a criminal trial, the Court described at length "the centuries-old history of open trials and the opinions of this Court." *Id*. at 575.

In *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177-1178 (6th Cir. 1983), the Sixth Circuit concluded that this general right of public access to the courts, while not absolute, extended not just to criminal proceedings but to civil proceedings as well. The Sixth Circuit stated:

> Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. . . . [Basic] principles apply . . . to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.

*Id*. at 1177. The court held that a confidentiality agreement between the parties did not bind the court to preserve the secrecy of the information that formed the basis of that litigation, absent certain concerns such as trade secrets. *Id*. at 1180.

Earlier, in *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 597 (1978), a civil case, the Supreme Court treated as well-settled the principle that American courts recognize a general right to inspect and copy judicial records. The Court declined to specify the precise contours of this right of access, although the Court listed three examples of reasons for a court to exercise its supervisory authority over its files to deny access, lest court files become a vehicle for improper purposes, such as (1) gratifying spite or promoting scandal; (2) using court files "as reservoirs of libelous statements for press consumption"; and (3) using court files as "sources of business

information that might harm a litigant's competitive standing." *Id*. at 598 (citations omitted); *see also United States v. Ford*, 830 F.2d 569, 600 (6th Cir. 1987) (describing as "deep-rooted [the] American tradition of open judicial proceedings"); *Applications of Nat'l Broadcasting Corp.*, 828 F.2d 340, 347 (6th Cir. 1987) ("Openness in judicial proceedings promotes public confidence in the courts."); *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 163 (6th Cir. 1987) ("[B]oth civil and criminal trials are presumptively open proceedings and open records are fundamental to our system of law.").

In *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996), the plaintiff alleged that the defendant perpetrated a financial fraud and that it suffered losses of $100 million. The parties agreed to a stipulated protective order that permitted them broad discretion to designate their documents as confidential, which in turn provided the basis for the parties to file documents under seal without further inspection by the court. The confidentiality of documents filed under seal was tested, however, when a business periodical prepared to publish a story relying on the plaintiff's proposed second amended complaint, which was filed under seal. On appeal, the Sixth Circuit stated that the discretion of a trial court to enter a protective order was "'circumscribed by a long-established legal tradition' which values public access to court proceedings." *Id*. at 227 (quoting *Brown & Williamson*, 710 F.2d at 1177). The appellate court objected that the trial court had "allowed [those parties] to adjudicate [whether particular documents justify court-imposed secrecy in] their own case based upon their own self-interest." *Id*. The appellate court directed the trial court to substantially modify or vacate the protective order, concluding that "[the trial court] cannot abdicate its responsibility to oversee the discovery process and to determine whether filings should be made available to the public." *Id*.

This general right of access, however, does not extend to every point in the litigation process. In *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984), the Supreme Court held that a protective order for information obtained through pretrial discovery in a civil case comports with the general right of the public to access the courts. The Court observed that "pretrial depositions and interrogatories are not public components of a civil trial." *Id*. at 33. The Court described how the potential for abuse of the discovery process justified entry of protective orders on a showing of good cause, as permitted under Federal Rule of Civil Procedure 26(c). *Id*. at 34-35. The Court noted the possibility of delay, expense, and harm to privacy interests, which might reach even third parties, that can justify the entry of protective orders. *Id*. at 35.

In *Marshall v. Bramer*, 828 F.2d 355, 360 (6th Cir. 1987), the Sixth Circuit upheld a protective order that prevented the disclosure of the identity of Ku Klux Klan members during discovery in a civil rights action. "The discovery process is generally private; monitored at the request of the parties by district courts, who have 'substantial latitude' in the exercise of their oversight." *Id*. (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)); *see also In re Courier-Journal*, 828 F.2d 361, 367 (6th Cir. 1987) (describing the propriety, in a companion case to *Marshall*, of a protective order that limited press access to certain information, as "presumptively nonpublic fruits of civil discovery"); *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 365 (6th Cir. 1999) (observing that a defendant had a legitimate interest in protecting the privacy interests of a third party through a protective order and that the opposing party had to show that a protective order would harm its ability to collect evidence for the case); *Howes v. Ashland Oil, Inc.*, 1991 U.S. App. Lexis 10306 (6th Cir. 1991) (commenting that "[p]rivate documents collected during discovery are not judicial records").

Nor is case law the only basis for concluding that not all discoverable material will be a part of the court record and, thus, subject to the general right of public access to court records. Federal Rule of Civil Procedure 5(d)(1), in relevant part, provides, "[D]isclosures under Rule 26(a)(1) or (2) and [depositions, interrogatories, requests for documents or tangible things . . . , and requests for admission] must not be filed until they are used in the proceeding or the court orders filing . . . ."[1] Similarly, E.D. Mich. LR 26.2[2] provides that a party may file such discovery material only in limited circumstances, such as when it provides factual support for a motion or responsive filing, when used during a trial or court proceeding, on order of the court, or if necessary to an appeal. E.D. Mich. LR 26.2(a)(1) states, "The party or other person relying on the material [as factual support for a motion, response, or reply] must file only the germane portion of it as an exhibit or attachment to the motion, response, or reply."

E.D. Mich. LR 5.3(b) provides for the filing of documents under seal without authorization by statute or rule. Under this scenario, a party must request court permission to file under seal and state the authority for sealing, identify and describe each item proposed for sealing, state the reason for the necessity of sealing each item, state the reason that a means other than sealing will not suffice to protect that interest, and provide a supporting brief. E.D. Mich. LR 5.3(b)(2)(A). E.D. Mich. LR 5.3(c)(2) further provides, "Only the germane portion of a filing may be sealed. For example, if the

---

[1] Federal Rule of Civil Procedure 10(c) does provide for filing "[a] copy of a written instrument" as an exhibit to a pleading. Yet no party has offered any authority to suggest that this reference overrides Federal Rule of Civil Procedure 5(d)'s general bar to filing discovery materials, unless used in the proceeding or by court order.

[2] References to E.D. Mich. LR 5.3, 26.2, and 26.4 are to those rules as amended or adopted on April 1, 2008, rather than to the rules in effect when the parties filed the instant motions, responsive materials, and the third-party complaint.

-9-

sealed item is an exhibit to a motion, response, or reply, only the exhibit may be sealed."

E.D. Mich. LR 26.4 governs protective orders based on a claim that information is privileged or subject to protection. "A party or other person may not file or tender to the clerk an item proposed for sealing under a protective order unless the court enters a protective order authorizing sealing." E.D. Mich. LR 26.4(a)(2). Additionally, once a protective order enters and absent other circumstances, "protected material shall not be filed with the Clerk except . . . when it provides factual support for a motion, response or reply. The party or other person relying on the material must file only the germane portion of it as an exhibit or attachment to the motion, response or reply." E.D. Mich. LR 26.4(c)(1).

Finally, a district court retains the authority to modify a protective order. *See In re: Upjohn Co. Antibiotics Cleocin Products Liability Litigation*, 664 F.2d at 118. A change of circumstance leaves protective orders and discovery orders subject to continuing revision. *Id*. at 120.

B.

Regarding three of the motions presented at the hearing, Dow Chemical, Reinhard, Kreinberg, and Access have stipulated to resolve the issues presented in Dow Chemical's two motions challenging certain of Reinhard's and Kreinberg's confidentiality designations. Accordingly, only one motion raising the issues of confidentiality designations and sealing remains for disposition from the hearing on April 30, 2008 – Kreinberg's motion to unseal and challenging certain of Dow Chemical's confidentiality designations. Kreinberg essentially requests two forms of relief: (1) the unsealing of documents previously filed under seal, pursuant to the parties' interpretation of the stipulated protective order; and (2) the removal of the confidentiality designation applied by Dow Chemical to some of the documents that it has produced in discovery.

As to the first category of relief, Kreinberg seeks to unseal his third-party complaint, JPMC's motion to dismiss that complaint, his response, and JPMC's reply. As stated previously, Kreinberg and JPMC filed these materials on October 12, 2007,[3] November 5, 2007, December 3, 2007, and January 4, 2008, respectively. The Court granted JPMC's motion to dismiss Kreinberg's third-party complaint and dismissed his third-party complaint on February 20, 2008. In filing these items under seal, both JPMC and Kreinberg acted in accordance with their understanding of the consensually entered protective order. The act of filing these documents under seal also predates the amendments to the local rules that clarify the presumption against filing documents under seal.[4] Kreinberg's instant motion, however, implicates only matters already resolved. The opinion and order dismissing his third-party complaint and granting JPMC's motion to do so is public. The proceedings regarding that motion were public. All of these materials are retained in the court's record, such that any request for appellate review is protected. Finally, only the parties to the litigation, or third parties who have disclosed discovery materials, have expressed an interest in these documents.

At this juncture, however, no party (or non-party) has provided a basis for the Court to review docket filings retrospectively and to direct their unsealing. Moreover, the parties recently discovered interest in seeking to unseal particular pleadings and exhibits would likely render the

---

[3]Initially, Kreinberg filed his third-party complaint only in redacted form. On January 22, 2008, the same date on which he filed the instant motion, he filed an unredacted version of his third-party complaint.

[4]In their responses to the Court's order requesting supplemental briefing regarding the consequence of the amended local rules, Dow Chemical, Reinhard, and Kreinberg agreed that filing documents under seal is disfavored.

docket virtually unintelligible. Accordingly, the Court will not apply later-enacted rules that indicate a strong presumption against filing documents under seal to materials previously filed with the Court, including Kreinberg's third-party complaint and documents responding to it.

Documents not yet filed with the Court, such as the discovery materials at issue in the second category of documents for which Kreinberg seeks relief in the instant motion, do not benefit from this continued protection.[5] Relying on Kreinberg's motion, the responsive filings, a notice to the Court describing the status of their ongoing efforts toward consensual resolution, and Kreinberg's and Dow Chemical's representations at the hearing, it appears that the documents at issue are Exhibits 1-17 through 1-31 to Dow Chemical's response to Kreinberg's motion.

At no point do Dow Chemical or Kreinberg indicate that these documents have been attached to any Court filing requesting substantive relief, apart from the instant motion challenging Dow Chemical's designation of them as confidential or highly confidential. Indeed, the apparent absence of these documents from the Court record is appropriate, in light of Federal Rule of Civil Procedure 5(d) and E.D. Mich. LR 5.3 and 26.4. *See* Fed. R. Civ. P. 5(d) (barring filing of discovery materials "until they are used in the proceeding or the court orders filing"). As these documents are not filed before the Court, the question regarding the propriety of sealing them does not arise. Instead, the issue pertains only to the propriety of their designation as confidential.

The stipulated protective order provides for "any party" to make a designation of confidential or highly confidential. *See Stipulated Protective Order*, ¶¶ 1, 14 (Aug. 14, 2007) [dkt #30]. The

---

[5]The Court makes no decision here as to the propriety of preserving a seal on a motion (and related documents) filed before the amendment of the local rules but resolved after their amendment, other than to observe that courts generally apply the current governing law and that the instant opinion describes the state of that law.

stipulated order sets the standard as what "such party reasonably believes in good faith" or simply "good faith." *Id.* Here, Kreinberg has not shown that any of the designations he challenges were not made in good faith. Indeed, one of the virtues of the stipulated protective order is the discretion accorded to any party to apply these designations to these documents, assuming the existence of good faith, because they are best situated to evaluate the meaning and implication of the content of a given document. Without a showing of a lack of good faith, the Court will not inquire further into the confidentiality designations of the documents challenged by Kreinberg.

Yet, in light of the connection that the existing protective order makes between confidentiality designations and a party's obligation to file a document under seal, the disposition of Kreinberg's challenge to Dow Chemical's confidentiality designations does not end the inquiry. The parties, as well as non-parties, have relied on the protective order of August 14, 2007, entered pursuant to the parties' stipulation. That stipulated protective order required a party to file under seal any document designated as"confidential" or "highly confidential."

Subsequently, however, the local rules changed to reflect a presumption against filing documents under seal. In addition, the Sixth Circuit in *Procter & Gamble*, 78 F.3d at 227, as well as in *Brown & Williamson*, has provided the district courts with a clear and strong directive: parties may not adjudicate amongst themselves which "particular documents justify court-imposed secrecy . . . based upon their own self-interest." Although parties may still seek entry of (or remain subject to) a protective order, pursuant to Federal Rule of Civil Procedure 26(c) and E.D. Mich. LR 26.4(a)(2), newly enacted E.D. Mich. LR 26.4 refers to E.D. Mich. LR 5.3 for additional particulars regarding filing documents under seal. The amended local rule, E.D. Mich. LR 5.3(b), absent authorization under a statute or rule, requires court permission to file a document under seal.

Consequently, the governing law, in particular the recently amended local rules, conflicts with the existing protective order's direct linkage between documents designated confidential and a party's obligation to file any such document under seal. The Court retains the authority and, at times, the obligation to modify a protective order. *See In re: Upjohn Co. Antibiotics Cleocin Products Liability Litigation*, 664 F.2d at 118-120. Here, an intervening change in the law is a circumstance that requires some measure of revision to the stipulated protective order. To bring the existing protective order into compliance with the local rules, the Court will direct the parties to submit an amended protective order.

In anticipation of the hearing on April 30, 2008, the parties evidently reached a consensus understanding of what documents warrant confidentiality designations and those that do not. In the event that including a more express standard in the protective order would serve the parties' interests, they are free to so stipulate.

Additionally, the Court recognizes the reliance interest of parties and non-parties who have produced documents pursuant to the existing protective order. For documents produced and designated confidential or highly confidential before the date of the entry of this order, any party that seeks to file such material in the public record, consistent with the foregoing discussion of the law, must first seek the stipulation of the producing party. Absent that stipulation, the filing party should follow the local rules regarding motions to file documents under seal.

Finally, the Court observes that the instant motions have not required the Court to consider the propriety of documents filed on its docket. Although a presumption of public access exists for documents in the public record, no presumption exists that all material discovered in the process of litigation will appear in court filings. On the contrary, Federal Rule of Civil Procedure 5(d)

expressly bars the filing of discovery materials, unless they are necessary to a proceeding. Similarly, E.D. Mich. LR 26.2(a)(1) provides:

> A party or other person may not file discovery material specified in [Federal Rule of Civil Procedure 5(d)(1)] except . . . when it provides factual support for a motion, response or reply. The party or other person relying on the material must file only the germane portion of it as an exhibit or attachment to the motion, response, or reply.

A public docket differs from a press release, and Federal Rule of Civil Procedure 11 governs filings before the Court.

IV.

Accordingly, it is **ORDERED** that Dow Chemical's motions challenging the confidentiality of certain of Reinhard's and Kreinberg's confidentiality designations [dkt ##162, 119] are **DENIED** as moot.

It is further **ORDERED** that Kreinberg's motion to unseal and challenging certain of Dow Chemical's confidentiality designations [dkt #123] is **DENIED**.

It is further **ORDERED** that the parties submit to the Court, on or before **May 16, 2008**, a proposed amended protective order to bring it into compliance with the governing law. If the parties wish the hearing to be held telephonically, they shall so advise the Court, and Dow Chemical shall initiate the call.

It is further **ORDERED** that, if a party wishes to file discovery material designated as "confidential" or "highly confidential" and that designation was applied prior to entry of the instant order, then the filing party must seek a stipulation from the disclosing party prior to filing any such document in the public record. Absent such a stipulation and excepting the circumstance where the filing party is the disclosing party, the party who seeks to file such a document must follow the local

rules regarding motions to file documents under seal.

It is further **ORDERED** that Non-party JPMC and Non-party Access are each **DIRECTED** to file, on or before **May 16, 2008**, a motion to intervene, for the limited purpose of asserting an interest in discovery materials that each has provided, to support their continued appearance on the docket, else they will be removed from the docket and their filings stricken.

It is further **ORDERED** that a status conference is **SCHEDULED** for **May 19, 2008** at 4:00 p.m., regarding the documents disclosed by JPMC pursuant to the existing protective order that Dow Chemical seeks to employ in proceedings before a court in Germany.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: May 2, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 2, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS